J-A21027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONMEL WILLIAMS | |
| Appellant | No. 3342 EDA 2014 |

Appeal from the PCRA Order November 10, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003755-2009

BEFORE:  ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED AUGUST 12, 2015**

Appellant, Ronmel Williams, appeals *pro se* from the November 10, 2014 order dismissing his *pro se* "Motion to Correct Patent/Obvious Error *Nunc Pro Tunc*", which the PCRA court treated as a second and untimely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

The procedural history of this case was summarized by a panel of this Court in a prior appeal, as follows.

> On June 15, 2010, [Appellant] pled guilty to two counts of criminal attempt (homicide).  [18 Pa.C.S.A. § 901.]   The trial court sentenced [Appellant], on August 17, 2010, to two concurrent prison terms of 15 to 30 years.  [Appellant] filed a post-sentence Motion, which the trial court denied.

_____

[*] Former Justice specially assigned to the Superior Court.

[Appellant] timely filed a direct appeal challenging the discretionary aspects of his sentence. On May 11, 2011, this Court denied [Appellant's] allowance of appeal from the discretionary aspects of his sentence, concluding that the appeal was frivolous. ***Commonwealth v. Williams***, 30 A.3d 535 (Pa. Super. 2011) (unpublished memorandum).

On May 27, 2011, [Appellant] filed a Petition for review, which the trial court denied. On appeal, this Court entered a Judgment Order vacating the trial court's Order and remanding the matter. On remand, this Court directed that [Appellant's] Petition be considered his first Petition for relief under the PCRA and that counsel be appointed to represent [Appellant]. ***Commonwealth v. Williams***, 47 A.3d 1236 (Pa. Super. 2012) [(unpublished judgment order)].

On remand, the PCRA court appointed Charles Banta, Esquire ("Attorney Banta"), to represent [Appellant]. Attorney Banta subsequently filed a Petition to withdraw as counsel and a no-merit letter in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After a hearing, the PCRA court granted Attorney Banta's Petition to withdraw, and denied [Appellant's] PCRA Petition [on May 11, 2012]. Thereafter, [Appellant] filed [a] timely appeal [on June 8, 2012].

***Commonwealth v. Williams***, 81 A.3d 992 (Pa. Super. 2013) (unpublished

memorandum, at 1-2).[1] In that appeal, Appellant challenged the legality of

---

[1] During the pendency of the appeal, Appellant filed a *pro se* "Motion to Modify Sentence" on August 23, 2012, as an amendment "to the timely-filed petition which is already under review." Appellant's Motion to Modify Sentence, 8/23/12, at 1. The PCRA court denied the motion on September 28, 2012. Appellant filed a notice of appeal from that order on October 25, 2012. By per curiam order filed February 20, 2013, this Court quashed the
*(Footnote Continued Next Page)*

- 2 -

his sentence and certain discretionary aspects of his sentence. Relative to his illegality of sentence claim, in an unpublished memorandum filed May 8, 2013, we held the following.

> Our review of the record discloses that [Appellant's] sentence did not exceed the statutory maximum sentence for criminal attempt, as set forth at 18 Pa.C.S.A. § 1102(c).[5] [Appellant's] concurrent sentences of 15 to 30 years are within the statutory maximum and are, in fact, within the standard range of the sentencing guidelines….
>
> _____
>
> [5] Section 1102(c) provides that "a person who has been convicted of attempt … where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court **at not more than 40 years.**" 18 Pa.C.S.A. § 1102(c) (emphasis added).

*Id.* at 3. We also denied Appellant's remaining claims for relief and affirmed the PCRA court's dismissal of Appellant's PCRA petition. *Id.* at 4.

On September 16, 2014, Appellant filed the instant "Motion to Correct Patent/Obvious Error *Nunc Pro Tunc*". The PCRA court considered the motion as a second PCRA petition, and on October 8, 2014, issued a notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss the petition as, *inter alia*, being untimely filed. Appellant filed a response to the PCRA court's Rule 907 notice on October 31, 2014. On

*(Footnote Continued)* _____

appeal as untimely, noting the appeal was properly from the August 17, 2010 judgment of sentence, and the post-sentence motion, being untimely, did not toll the time to file an appeal. Superior Court Order, 3098 EDA 2012, 2/20/13, at 1.

November 21, 2014, the PCRA court dismissed Appellants petition without a hearing. Appellant filed a timely notice of appeal on November 21, 2014.[2]

Appellant raises the following questions for our review.

> 1. Did [the] trial court err in not holding Appellant's claims in the fashion of an illegal sentence claim as opposed to a PCRA claim?
>
> 2. Did [the] sentencing court err in sentencing Appellant to a 15 to 30 years sentence for an attempted homicide where serious bodily injury [] was never found clearly violated [sic] Title 18 Pa.C.S. [§] 1102(c)?
>
> 3. Was Appellant illegally sentenced outside of the authority of the statute?

Appellant's Brief at 8.

In his first issue, Appellant argues the PCRA court erred by addressing his motion as a PCRA petition and not as a motion invoking inherent power to correct a sentence. Appellant's brief at 14-15. "The issue in the case, whether the trial judge had the authority to correct an alleged sentencing error, poses a pure question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo.*" **Commonwealth v. Borrin**, 12 A.3d 466, 476 (Pa. Super. 2011) (*en banc*), *affirmed*, 80 A.3d 1219 (Pa. 2013). Specifically, Appellant claims he was sentenced for

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal under Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed a Rule 1925(a) opinion on December 17, 2014, referencing its October 8, 2014 Rule 907 notice as containing its reasons for dismissing Appellant's petition.

attempted murder, resulting in serious bodily injury, when the record reflects no resulting serious bodily injury had been shown.[3] Appellant's brief at 14-15. Consequently, Appellant claims his sentence of 15 to 30 years' incarceration is illegal as exceeding the statutory maximum for the crime of attempted murder where serious bodily injury did not result.[4] *Id.* at 12-13. Accordingly Appellant, citing **Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2007), avers his motion was properly addressed to the trial court's inherent jurisdiction to correct patently erroneous sentences and is not subject to the PCRA's timeliness constraints. *Id.* at 14-15.

_____

[3] Section 1102(c) provides as follows.

> **(c) Attempt, solicitation and conspiracy.--** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt[] to commit murder, [] where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102

[4] Appellant's argument relative to the grading of his charge and the legality of his sentence is specious. As noted, this Court affirmed the legality of the judgement of sentence for attempted murder resulting in serious bodily harm. **Jackson**, **supra**. Further, the record clearly evidences that Appellant pled guilty to the charge as so stated and admitted to the fact that he shot two victims multiple times with a revolver. N.T., 6/16/10, at 6-7, 12-15.

In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012), this Court addressed an identical claim. Therein Jackson argued his motion to the trial court to correct a patent sentencing error was addressed to the trial court's inherent authority to correct its orders and was, therefore, not subject to the PCRA's time limitations. **Id.** at 518. Distinguishing **Holmes**, we held as follows.

> [T]he PCRA court did not have inherent authority to consider Jackson's petition absent statutory jurisdiction under section 9545. Jackson contends that in recognizing the "inherent" jurisdiction of a trial court to correct obvious errors in its sentences, our Supreme Court established an open-ended right that could be invoked by any trial court, including a PCRA court, at any time. However, the cases Jackson cites upholding inherent jurisdiction only consider this right in the context of jurisdiction to amend orders pursuant to section 5505. Jurisdiction under section 9545 was not at issue because the sentences were corrected within one year of the judgment of sentence becoming final.

> Unlike [the companion cases addressed in **Holmes**] Jackson filed his petition years after the PCRA filing deadline had expired. Thus, a PCRA court would have to overcome two jurisdictional hurdles to correct his sentence: section 5505 and section 9545. We have not found any decision in which our appellate courts have upheld, or in which a PCRA court has invoked, inherent jurisdiction absent statutory authority under 9545. Nor do we believe that a PCRA court could invoke its inherent jurisdiction after this deadline.

> Inherent jurisdiction has been upheld as an exception to section 5505 because section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an

- 6 -

obvious illegality in the sentence. This intent is evident from the plain language of the statute. Section 5505 confers on the trial court an affirmative right to modify orders within 30 days after its entry if there is no appeal, and does not expressly limit this authority after the 30–day period has expired. Because section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30–day statutory period.

Section 9545 of the PCRA is not amenable to such equitable exceptions. Section 9545 expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final" unless one of the statutory exceptions is pled and proven. Our courts have strictly interpreted this requirement as creating a jurisdictional deadline. Further, our courts have interpreted jurisdiction under section 9545 differently than section 5505. Unlike section 5505, section 9545 does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. Therefore, when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.

*Id.* at 522-523 (citations and footnotes omitted).

Instantly, in accordance with the precedent set in **Jackson**, we conclude the PCRA court did not err in treating Appellant's "Motion to Correct Patent/Obvious Error *Nunc Pro Tunc*" as a second PCRA petition. We proceed to review the PCRA court's dismissal of Appellant's PCRA petition.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's

rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted).

As alluded to in the previous discussion, the PCRA court determined that Appellant's petition was untimely and dismissed it for want of jurisdiction to review its merits. "[I]t is well-settled that … a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id.* "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation

marks and citations omitted), *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether Appellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013).

The Act provides for the following possible exceptions to the timeliness requirement.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

Appellant's second PCRA is untimely on its face. His sentence became final on June 10, 2011, 30 days after this Court affirmed the judgment of sentence and in the absence of Appellant filing a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Therefore, Appellant had until June 11, 2012, one year from that date, to file a first or any subsequent PCRA petition.[5] **See generally** 42 Pa.C.S.A. § 9545(b)(3). As noted, it is obligatory for Appellant to plead and prove one of the statutory exceptions to the PCRA's timeliness strictures to invoke the PCRA or this Court's jurisdiction to consider his petition. **See Edmiston**, **supra**. Appellant has not endeavored

---

[5] June 10, 2012 fell on a Sunday. Consequently, the final due date for any PCRA petition in this case became June 11, 2012. **See** 1 Pa.C.S.A. § 1908 (providing, "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation").

to do so. We therefore conclude the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Appellant's petition. ***See id.***

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely filed. Accordingly, the PCRA court's November 10, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2015